IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| GWENDOLYN JOAN HUNT and<br>LEMUEL HUNT,<br><br>       Plaintiffs,<br><br>   v.<br><br>GEORGE ROBERT ANDREWS, JR.;<br>RALEIGH SPECIALTY RENTALS, LLC;<br>JOHN DOES; and RICHARD ROE<br>CORPORATIONS,<br><br>       Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | CV 124-091 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In consideration of the record, the Court **REPORTS** and **RECOMMENDS** this case be **REMANDED** to the Superior Court of Richmond County, Georgia, based on lack of subject-matter jurisdiction, and this civil action be **CLOSED**.

## I.    BACKGROUND

Following an automobile accident on May 20, 2022, Plaintiffs allege Defendants are liable for the injuries of Plaintiff Gwendolyn Hunt, including past and future medical expenses, as well as past and future general damages, and Plaintiff Lemuel Hunt's loss of consortium claim.  (See Compl., doc. no. 1-1; see also Notice of Removal, doc. no. 1, p. 3.) Plaintiffs filed this action in the Superior Court of Richmond County, and Defendants filed a Notice of Removal on June 13, 2024, asserting diversity of citizenship and an amount in

controversy that exceeds $75,000.  (Doc. no. 1, p. 3.)  There is no specific amount of damages claimed in the complaint beyond $11,042.20 in medical expenses. (Doc. no. 1-1, p. 9.)

On July 3, 2024, this Court issued an Order directing Defendants to provide sufficient evidence within fourteen days establishing the amount in controversy after finding it is not facially apparent from the complaint that Plaintiff's claim exceeds the amount-in-controversy requirement.  (Doc. no. 11.)  In Defendants' response to the show cause order, defense counsel argues the amount in controversy is satisfied because (1) newly obtained VA records show an additional $16,217.59 in medical expenses, bringing Plaintiff Gwendolyn Hunt's medical specials to $27,259.79, and her medical expenses will continue in the future; (2) Plaintiffs demanded $75,000 to settle the case before filing a lawsuit; (3) the amount of general damages and compensation for loss of consortium are unknown but will add to value of the case; and (4) the claim for attorney's fees could add as much as an additional thirty-three percent to the amount in controversy.  (Doc. nos. 12, 12-1, 12-2.)

## II.   DISCUSSION

Generally, a defendant may remove an action from state court when the federal court would possess original jurisdiction over the subject matter, "except as otherwise expressly provided by an Act of Congress."  28 U.S.C. § 1441(a).  "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . ."  28 U.S.C. § 1332(a)(1).  The Court construes the removal statute narrowly.  Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 766 (11th Cir. 2010).  "Indeed, all doubts about

jurisdiction should be resolved in favor of remand to state court." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (citation omitted).

A removing defendant has the burden to establish federal jurisdiction. See Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007). And the removing party must point to facts, not conclusory allegations, to meet its burden. See Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir. 2001). "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." Pretka, 608 F.3d at 751.

Moreover, "[w]here, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Williams, 269 F.3d at 1319. Although a defendant need not "banish all uncertainty about" the amount in controversy, the Court requires a removing defendant to make "specific factual allegations establishing jurisdiction [that can be supported] . . . with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Pretka, 608 F.3d at 754; see also Dudley v. Eli Lilly and Co., 778 F.3d 909, 913 (11th Cir. 2014) (explaining "pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover. (citations, emphasis, and quotation omitted)). That is, the existence of jurisdiction should not be "divined by looking to the stars." Lowery, 483 F.3d at 1215.

An indeterminate claim for damages is not dispositive but should not be ignored by the Court. See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1064 (11th Cir. 2010). Rather, "courts may use their judicial experience and common sense in determining whether the case

stated in a complaint meets federal jurisdictional requirements."   Id. at 1062 (footnote omitted).   Indeed, "precedent permits district courts to make 'reasonable deductions, reasonable inference, or other reasonable extrapolations' from the pleadings to determine whether" a case is removable.   Id. at 1061-62.   The Court's analysis is also guided by the following cautionary words from the Eleventh Circuit:

> Because jurisdiction cannot be conferred by consent, the district court should be leery of any stipulations the parties offer concerning the facts related to jurisdiction.  Given that the parties share the goal of having this case decided in federal court, the district court should be especially mindful of its independent obligation to ensure that jurisdiction exists before federal judicial power is exercised over the merits of the case.

Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1275 (11th Cir. 2000).

Here, Defendants have failed to meet their burden by a preponderance of the evidence to show that the amount in controversy exceeds $75,000.  The original complaint itemized only $11,042.20 in medical expenses.  (Doc. no. 1-1, p. 9.)  Thus, based on the face of the complaint, at the time of removal, the case fell well short of the jurisdictional amount in controversy requirement.  Even with consideration of newly obtained VA records showing an additional $16,217.59 in medical expenses through June 10, 2024, Plaintiff's medial specials were $27,259.79 prior to removal on June 13th, an amount well short of the $75,000 jurisdictional threshold.  Defendants also seek to rely on Plaintiffs' pre-lawsuit demand letter for $75,000 to settle the case and a potential award of attorney's fees, (doc. no. 12, pp. 2-3; doc. no. 12-2).  See Williams, 269 F.3d at 1319 (explaining "the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed" if amount not facially apparent from the complaint).  However, neither is sufficient.

In regard to the demand letter, a settlement offer can be relevant to the jurisdictional amount, but it is not necessarily determinative.  Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994).  However, absent itemization or documentation in support, the letter – which only lists the same approximately $11,000 of itemized medical bills listed in the complaint – is of no value to this Court's analysis because "jurisdiction cannot be conferred by consent."  Morrison, 228 F.3d at 1275; see also Rembert v. Progressive Direct Ins. Co., Civ. Act. No. 2:21-00078, 2021 WL 1895902, at *3-4 (S.D. Ala. Apr. 21, 2021) (explaining "[s]ettlement offers commonly reflect puffing and posturing" which are entitled to little weight, but settlement offers providing specific information supporting claim for damages more suggestive of reasonable assessment of claim value and entitled to more weight (citing Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009))), adopted by 2021 WL 1894140 (S.D. Ala. May 11, 2021).  Likewise, the general request for future damages and ongoing pain and suffering, as well as the loss of consortium claim, provides no detail or basis upon which the Court can make reasonable deductions, inferences, or other extrapolations.  See Pretka, 608 F.3d at 754; see also Williams, 269 F.3d at 1318, 1320 (rejecting contention that amount in controversy facially exceeded $75,000 where complaint alleged trip over curb caused permanent physical and mental injuries, substantial medical expenses, lost wages, diminished earning capacity - all of which would continue in future - and complaint contained demand for both compensatory and punitive damages in unspecified amounts).

Moreover, the suggested future medical expenses for Plaintiff Gwendolyn Hunt are not qualified at an amount that would push the case beyond the $75,000 jurisdictional

threshold.  There is no evidence to show what future medical treatment is necessary and how that treatment relates to the injuries suffered by this Plaintiff in the car accident.  In any event, because jurisdiction must exist at the time of removal, the possibility of future medical expenses is not determinative.  Sinclair v. State Farm Mut. Auto. Ins., No. 2:11-CV-320, 2011 WL 2746823, at *2 (M.D. Fla. July 14, 2011) ("The argument that the expenses will include future medical expenses, past wage loss, future wage loss, and pain and suffering is also irrelevant to the inquiry of whether the amount in controversy was adequate at the time of removal.").

While Plaintiff has made a claim for attorney's fees, Defendants have introduced no evidence as to the basis for such an award or what a reasonable amount would be.  "[W]hen a statutory cause of action entitles a party to recover reasonable attorney fees, the amount in controversy includes consideration of the amount of those fees."  Cohen v. Office Depot, Inc., 204 F.3d 1069, 1079 (11th Cir. 2000).   Under Georgia law, attorney's fees are recoverable where a defendant has acted in bad faith, been stubbornly litigious, or caused the plaintiff unnecessary trouble and expense.  O.C.G.A § 13-6-11.  No one has explained why Defendants' conduct in this litigation would trigger recovery under § 13-6-11, and Defendants offer only an assumption about a potential contingency fee arrangement, (doc. no. 12, p. 3).  This assumption is insufficient to meet Defendants' burden to show any fee award would sufficiently increase the amount in controversy so that it exceeds $75,000.

As explained above, the Court has an "independent obligation" to ensure federal jurisdiction exists.  Morrison, 228 F.3d at 1275.  Here, the Court cannot conclude the defense has met its burden to show by a preponderance of the evidence the value of this case meets

the $75,000 jurisdictional threshold.  Indeed, this finding is in line with the conclusions of District Courts within the Eleventh Circuit.  See Williams v. Walmart Stores East, LP, CV 118-083, 2018 WL 3749470, at *2-3 (S.D. Ga. July 9, 2018) (finding no jurisdiction in slip and fall case with approximately $15,000 in medicals, pre-removal refusal by Plaintiff's counsel for stipulation of damages less than $75,000, and general request for future damages and ongoing pain and suffering damages), adopted by, 2018 WL 3747454 (S.D. Ga. Aug. 7, 2018) (Hall, J.); Kenney v. Briggs & Stratton Corp., CV 116-113, 2016 WL 6650845, at *2-3 (S.D. Ga. Nov. 9, 2016) (finding no jurisdiction in pressure washer injury case with $36,000 in medicals, post-removal removal response to request for admission that damages exceed $75,000, and $100,000 settlement demand), adopted by, 2016 WL 7131539 (S.D. Ga. Dec. 6, 2016) (Hall, J.); Cobb v. Sanders, CV 116-073, 2016 WL 4197595, at *3 (S.D. Ga. Aug. 9, 2016) (finding no jurisdiction in vehicle accident case with $31,000 in medicals, allegations of general damages, and demand letter for $225,000), adopted by, 2016 WL 4582067 (S.D. Ga. Sept. 1, 2016) (Hall, J.); Arrington v. Wal-Mart Stores, Inc., No. 7:13-CV-154, 2014 WL 657398, at *1 (M.D. Ga. Feb. 20, 2014) (finding no jurisdiction in slip-and-fall case with $44,000 in medicals and insufficient evidence to calculate future monetary losses); Cross v. Wal-Mart Stores, E., LP, No. 7:11-CV-21, 2011 WL 976414, at *2 (M.D. Ga. Mar. 17, 2011) (finding no jurisdiction in slip-and-fall case with $45,000 in medicals, allegations of general damages, and a demand letter for $125,000); but see Farley v. Variety Wholesalers, Inc., No. 5:13-CV-52, 2013 WL 1748608, at *2 (M.D. Ga. Apr. 23, 2013) (finding jurisdiction in premises liability case with $13,000 in medicals and the possibility of two future surgeries).

## III.   CONCLUSION

Because there is no subject-matter jurisdiction, the Court **REPORTS** and **RECOMMENDS** this action be **REMANDED** to the Superior Court of Richmond County, Georgia, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 12th day of July, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA